Filed: 9/22/2021 12:09 PM
Lynne Finley
District Clerk
Collin County, Texas
By Keri Crow Deputy
Envelope ID: 57494203

Cause No. 471-05321-2021 / _____

| | | |
|---|---|---|
| **BERTHA MCKEOWN**<br>    Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| **VS.** | §<br>§<br>§<br>§ | \_\_\_\_\_ JUDICIAL DISTRICT |
| **NIKE, INC.**<br>    Defendant. | § | |
| | | COLLIN COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

   **COMES NOW,** Bertha McKeown, hereinafter called Plaintiff, by and through their attorney of record FORTENBERRY FIRM, Zeke Fortenberry, 18333 Preston Rd, Ste 375, Dallas, Texas 75252, files this Original Petition complaining about, hereinafter called Defendant, and for cause of action show unto the Court the following:

### I.

### DISCOVERY CONTROL PLAN LEVEL

   1.1   Plaintiff intends that discovery be conducted under Discovery Level 2.

### II.

### PARTIES AND SERVICE

   2.1   Plaintiff Bertha McKeown is an Individual whose address is 106 Tehama Ct. Allen, TX 75013. Her birthdate is 04/15/1972 and the last three digits of her Social Security Number are 812.

   2.2   Defendant Nike, Inc. is a foreign limited partnership with its principal place of business in Oregon. Nike conducts business in the State of Texas and County of Collin, Texas, by, among other acts, operating retail stores. Defendant has a duty to and does in fact control the operations, customs, and policies of the Nike Outlet Store premises on 820 W Stacy Rd. Ste 356, Allen, Tx 75013. Defendant Nike, Inc. may be served with process by serving its registered

agent United Agent Group Inc. 5444 Westheimer #1000 Houston, TX 77056 USA. **REQUEST A CITATION BE ISSUED**

## III.

### JURISDICTION AND VENUE

3.1 The subject matter in controversy is within the jurisdictional limits of this county.

3.2 Plaintiff seeks Monetary Relief over $1,000,000.00

3.3 Venue is Collin County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV.

### BACKGROUND FACTS

4.1 On September 24, 2019, Plaintiff arrived at the Nike Outlet Store premises at 820 W Stacy Rd. Ste 356, Allen, Tx 75013, as a customer and invitee in order to shop.

4.2 During her shopping, Plaintiff was examining products in the check-out line of the Nike Outlet store in Allen, TX when she slipped and fell on pieces of shelving that were obstructing the floor of the check-out line.

4.4 The shelving had been there for several minutes, and no warning signs were in place. They were laying on ground level out of eyesight, placed there by a Nike employee.

4.4 Plaintiff fell on the ground in pain and laid on her back when shelves then fell onto her foot.

4.5 Plaintiff noted that Nike employees immediately moved the shelves after the fall.

## V.

### CAUSES OF ACTION

APP. 6

5.1     Plaintiff hereby incorporates by reference the facts set forth above into each of the causes of action set forth below.

**NEGLIGENCE**

5.2     Defendant is liable to plaintiff for common law negligence. As an owner and operator in the business of attracting consumers and providing them with a safe place to purchase food and other necessary goods, Defendant owed Plaintiff, as an invitee, a duty to exercise ordinary care and a duty to provide a safe environment.

5.3     Defendant is the owner and operator of the Nike Outlet Store premises at 820 W Stacy Rd. Ste 356, Allen, Tx 75013 where Plaintiff was an invitee. Defendant trained, supervised, and employed people to clean and maintain the premises as a safe environment for all invitees. Plaintiff's damages and injuries were proximately caused by Defendant's negligent, careless, and reckless disregard of said duty.

5.4     Defendant was negligent in at least, but not limited to, one or more of the following particulars, acts and omissions:

> a. Failing to maintain a safe environment in which invitees and/or guests were safe from harm by leaving a trip hazard in the store;
>
> b. Failing to ensure that the grounds of the premises where Plaintiff was an invitee were safe and free of risk of slip and falls, trip hazards and/or other risks of injuries;
>
> c. Negligent hiring, training, and supervision of employees who maintain the check out line for invitees.
>
> d. Failing to use the correct protocols when placing shelving around the property.

5.5     Other various acts and/or omissions constituting negligence which will be specified in detail at the time of trial.

5.6     Defendant's negligence described above in an was a proximate cause of the occurrence in question in this case, and the injuries and damages sustained by Plaintiff.

VI.

**GROSS NEGLIGENCE**

6.1     Plaintiff hereby incorporates by reference the facts set forth above into each of the causes of action set forth below.

6.2     At the time of the incident, Defendant was operating its store in a grossly negligent manner.  Specifically, they left shelving on the floor in the checkout line where all customers would pass.

6.3     A reasonable and prudent person is aware of the extreme degree of risk that this type of behavior has in creating potential harm to others, and a reasonable and prudent store owner would have picked up the shelving to avoid any potential for injury.

6.4     Even though aware of the risk taken by continuing to leave the shelving on the floor, Defendant did not pick up the shelving with conscious indifference to the rights, safety, or welfare of others.

6.5     Defendant acted with reckless disregard for the safety of Plaintiff and other customers by leaving the shelving out in the middle of the check-out line.

6.6     As a result of Defendant's gross negligence, Plaintiff suffered injuries.

6.7     Plaintiff seeks exemplary damages.

VII.

**PREMISES LIABILITY**

7.1     Plaintiff hereby incorporates by reference the facts set forth into each of the causes of action set below.

7.2     As an invitee to Nike, owned and operated by Defendant, for an event that they were being paid to host Plaintiff was an "invitee" as that term is legally defined under Texas Law.

7.3     Defendant owed Plaintiff a legal duty to exercise reasonable care to protect her from unreasonably dangerous conditions on the premises that are known or discoverable.

7.4     Defendant had actual and/or constructive knowledge of the unreasonably dangerous condition of the store due to its reckless employees leaving shelving on the floor.

7.5     Defendant had actual subjective awareness of the unreasonably dangerous risks of falling and injury that the shelving could pose to its invitees.

7.6     Defendant nevertheless proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff and others.

7.7     Plaintiff's injuries occurred on Defendant's property, and Defendant breached the duty of care it owed to Plaintiff as invitees and guests on its premises.

7.8     Plaintiff was seriously injured as a direct and proximate result of that breach.

## VIII.

### RESPONDEAT SUPERIOR

8.1     Defendant is liable for the negligence of their employees, agents, and or representatives inclusive of pursuant to the doctrine of respondeat superior because the employees, agents, and/or representations were acting in the course and scope of their respective employments with Defendant.

8.2     In the alternative Defendant is liable for the negligence of their employees, agents, and/or representatives because the employees, agents, and/or representative were acting as borrowed servants of Defendant.

## IX.

## NEGLIGENT HIRING, RETENTION AND SUPERVISION

9.1     Defendant is liable for the negligence of their employees, agents, and/or representatives because they did not use ordinary care in hiring, supervising, training, and retaining them and their supervisors, and the breach of the applicable standards by these employees, agents, and/or representatives and their supervisors as described above proximately caused injuries to Plaintiff.

## X.

## OSTENSIBLE AGENCY/ALTER-EGO

10.1    In the alternative, if the negligent employees, agents and/or representatives were not acting as employees, agents, and/or representatives and/or borrowed servants of Defendant, then the employees, agents, and/or representatives were acting as the ostensible agents of Defendant at all relevant times.

## XI.

## PLAINTIFF'S INJURIES AND DAMAGES

11.1    As a proximate result of Defendant's negligence, Plaintiff suffered extensive injures and damages. As a result of Plaintiff's injuries, Plaintiff suffered the following damages:

    a. Medical expenses in the past and future;

    b. Lost wages in the past and future;

    c. Physical pain and suffering in the past and future;

      d. mental anguish in the past and future;

      e. Physical impairment in the past and future;

      f. Exemplary damages;

      g. All other relief in law and equity, to which Plaintiff may be entitled.

    11.2    By reason of the above and foregoing, Plaintiff has been damaged in a sum within the jurisdictional limits of this court, for which Plaintiff does hereby sue in an amount to be determined by the sole discretion of the jury.

## XII.

## REQUEST FOR DICLOSURE

    12.1 Pursuant to Rule 194.1 of the Texas Rules of Civil Procedure, Defendant are Request to Disclosure, within fifty (50) days of service of this request, the information and materials described in Rule 194.2.

## XIII.

## JURY TRIAL REQUEST

    13.1 Plaintiff further hereby formally requests a trial by jury and as such requests that this cause be placed upon this Court's Jury Docket.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, specifically including, but not limited to:

      a) A judgment in excess of the jurisdictional limits of this Court;

    b) Pre-judgment interest;

    c) Post-judgment interest;

    d) Costs and Expenses; and

All such relief, whether at law or in equity, to which Plaintiff may show herself justly entitled.

    Respectfully submitted,

    **FORTENBERRY FIRM PLLC**

By:*/s/ Zeke O. Fortenberry*

**ZEKE O. FORTENBERRY**
State Bar No.24061361
zeke@fortenberryfirm.com
18333 Preston Rd
Suite 375
Dallas, TX 75252
469-636-7373 (phone)
469-716-4190 (fax)
**ATTORNEY FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

David Imthurn on behalf of Zeke Fortenberry
Bar No. 24061361
paralegal@fortenberryfirm.com
Envelope ID: 57494203
Status as of 9/22/2021 12:23 PM CST

Associated Case Party: Bertha McKeown

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| David Imthurn | | paralegal@fortenberryfirm.com | 9/22/2021 12:09:15 PM | SENT |
| Zeke Fortenberry | | zeke@fortenberryfirm.com | 9/22/2021 12:09:15 PM | SENT |

APP. 13